

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CYNTHIA H. MONTEE, for and on behalf of the wrongful death beneficiaries of Vivian Watson, deceased | § § § § | PLAINTIFF |
| V. | § § | 1:04CV21LG-RHW |
| IMPERIAL PALACE OF MISS., ET AL. | § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THIS COURT is the Motion of the Defendant, Kone, Inc., for Summary Judgment [76], filed in the above-captioned cause pursuant to FED. R. CIV. P. 56 on May 3, 2005. The Plaintiff did not file a response; instead, counsel for Plaintiff submitted a letter to the Court in which counsel admitted that the Plaintiff cannot and does not oppose Kone's motion.[1] Defendant Kone seeks judgment as a matter of law based upon its contention that the Plaintiff cannot show the existence of a material fact question on her claim against it. For the reasons discussed below, the Defendant's Motion should be granted.

## FACTS AND PROCEDURAL HISTORY

On November 19, 2003, the Plaintiff's mother, Vivian Watson, was a business invitee at the Imperial Palace casino in Biloxi, Mississippi. Watson attempted to use the escalator to descend from the third floor to the second floor of the casino, but the escalator was not in service. She then began to descend down a stairway located near the escalator. As she was negotiating the stairs, Watson fell and hit her head. She later died as a result of her injuries. The Plaintiff's original complaint named only the Imperial Palace of Mississippi as a

---

[1] The letter is attached to this opinion as Exhibit A.

defendant. On May 25, 2004, the Plaintiff filed an amended complaint in which she named Kone, Inc., and several other defendants. On February 15, 2005, the Plaintiff filed a second amended complaint in which she named two additional defendants. The complaint alleges that the defendants "failed to design, develop, manufacture and construct and/or maintain the stairway and/or escalator in accordance with successful building practices, building standards and building codes so as to prevent the type of incident in which occurred on November 19, 2003 and led to the death of the Plaintiff's deceased." Pl.'s Second Am. Compl., ¶ 16., filed Feb. 15, 2005. The Plaintiff further alleges that these acts or omissions by the defendants constitute negligence which proximately caused or contributed to Watson's death.

On May 3, 2005, Defendant Kone, Inc., filed this motion for summary judgment. As noted above, the Plaintiff did not file a response. Counsel for Plaintiff submitted a letter, however, in which counsel admitted that the Plaintiff "cannot and does not oppose Defendant, KONE, Inc.'s Motion for Summary Judgment." Counsel's letter, p. 2, dated July 13, 2005, att. to this Memo. Op. & Order.

## DISCUSSION

### FED. R. CIV. P. 56

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). In

2

deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Rule 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56 (e). Thus, when a motion for summary judgment is filed and is accompanied by competent supporting evidence, a court may grant the motion if the opposing party fails to present controverting evidence. FED. R. CIV. P. 56 (e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fraire v. City of Arlington,* 957 F.2d 1268, 1273 (5th Cir.), *cert. denied,* 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex,* 477 U. S. at 325, 106 S. Ct. at 2553-54. The nonmovant cannot discharge this burden by referring to the mere allegations or denials of the nonmoving party's pleadings; rather, the nonmovant must, either by submitting opposing evidentiary documents

3

or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); FED. R. CIV. P. 56(e). If the nonmovant fails to present evidence showing that a genuine issue of material facts exists, then "the motion for summary judgment must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

PLAINTIFF'S CLAIM AGAINST KONE, INC.:

Defendant Kone seeks judgment as a matter of law because it contends that it "did not design, manufacture, maintain or in any way control this stairway, and as such owed no legal duty to the decedent." Def.'s Br., p. 1, filed May 3, 2005. In support of its motion, Kone provided an affidavit of Michael Ison, the Branch Service Manager of Kone for the Biloxi, Mississippi, area. In his affidavit, Ison stated, "KONE Inc. did not design, manufacture, install or maintain the stairs between the up and down escalators at Imperial Palace Casino, Biloxi, Mississippi, where the subject accident is alleged to have occurred." Ison Aff., p. 1, att. as Ex. A, Kone Mot. for Summ. J., filed May 3, 2005. In addition, Ison stated, "KONE did not work on the stairs." Ison Aff., p. 2. According to Kone, there are no genuine issues of material fact, and therefore it is entitled to judgment as a matter of law.

As noted above, counsel for Plaintiff has conceded that the Plaintiff cannot and does not oppose Kone's summary judgment motion. It is not apparent from the pleadings, and the Plaintiff has offered no summary judgment evidence to show, the causal connection between the escalator being out of service and Watson's fall down the stairs. Based on the absence of any evidence to support her claim, the Plaintiff has failed to show the existence of a material

fact question concerning Kone's liability in this case. For this reason, the Defendant, Kone, Inc., is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion of the Defendant, Kone, Inc., for Summary Judgment [76] should be, and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED,** this the 19TH day of July, 2005.

LOUIS GUIROLA, JR.
U. S. DISTRICT JUDGE

# WINDOM & TOBIAS, L.L.C.

## LAWYERS

1203 Dauphin Street • Mobile, Alabama 36604
Telephone: (251) 432-5001 • Fax: (251) 432-7014
Toll Free: (877) 709-5001
E-mail: wt@windomtobias.com

Michael P. Windom*
Desmond V. Tobias*
*Licensed in Alabama and Florida

Mailing Address:
Post Office Box 2626
Mobile, Alabama 36652

July 13, 2005

**VIA E-MAIL & U.S. MAIL**
Honorable Louis Guirola, Jr., Federal Judge
UNITED STATES DISTRICT COURT
2012 15th Street - Suite 403
Gulfport, Mississippi 39501

RE: **CYNTHIA H. MONTEE,**
**for and on behalf of the Wrongful Death Beneficiaries of VIVIAN WATSON, Deceased**
-vs-
**IMPERIAL PALACE OF MISS., a Nevada Corporation, et al**
**Case No.: 1:04cv21GuRO - U.S. District Court - Southern District of Mississippi**

Dear Judge Guirola:

Attorney Ben Galloway and I represent the Estate of Vivian Watson, Plaintiff in the above referenced case. One of the Defendants, KONE, Inc., has filed a Motion for Summary Judgment.

This case arises out of a fall down the stairs and resulting death of Ms. Watson on the premises of Defendant, Imperial Palace of Mississippi (IPM) in November 2003. KONE installed escalators that are located on either side of a staircase between the second and third floors of the casino. At the time of Ms. Watson's fall KONE was performing service related work to the escalators and they were not operational. For that reason Ms. Watson used the stairs.

KONE, Inc. was not initially a Defendant in the case. The Plaintiff propounded interrogatories and request for production to Defendant, Imperial Palace of Mississippi (IPM). The discovery responses of IPM identified companies and individuals with knowledge of, and responsibility, for Ms. Watson's death. Pursuant to those discovery responses the Plaintiff amended the Complaint to add numerous Defendants including



KONE.

Honorable Louis Guirola, Jr.
July 14, 2005
-Page 2-

    Through discovery we now know that KONE was not involved in the installation of the stairs or performed any repairs or maintenance to same. For those reasons the Plaintiffs cannot and does not oppose Defendant, KONE, Inc.'s Motion for Summary Judgment. If the Court needs anything further in this regard, please let us know.

                                            Respectfully,

                                            /s/ *Michael P. Windom*

                                            MICHAEL P. WINDOM
                                            For The Firm

MPW/nb
cc:    Ben Galloway, Esq.
        Scott D. Smith, Esq.
        Britt R. Singletary, Esq.
        Robert A. Biggs, III, Esq.
        Raymond L. Brown, Esq.
        Allen E. Graham, Esq.