UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CYNTHIA MONTEE                                                                                           PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:04CV21-LG-RHW

IMPERIAL PALACE OF MISSISSIPPI, et al                                                    DEFENDANTS

### ORDER DIRECTING PRODUCTION OF RECORDS

This matter came before the Court based on Defendant Steel Service Corporation's [204, 218] Motions to Quash and Plaintiff's [230] Motion to Strike and/or Exclude Testimony of Defendant's Expert, David Hawkins. Hawkins was designated as an expert by Defendant Steel Service Corporation. Following a deposition of Hawkins, Plaintiff issued subpoenas for Hawkins' employment records based on a belief that he gave false testimony regarding the circumstances of his separation from employment with the City of Ocean Springs.

Defendant argues that the personnel file should not be produced because it violates Miss. Code Ann. § 71-7-15, which protects the confidentiality of employment-related drug tests, and because Mississippi courts have held that the credibility of non-party witnesses is not sufficient cause to warrant the production of personnel files. Defendant also argued that medical records may not be disclosed pursuant to HIPPA.

In an Order dated May 11, 2006, the Court Denied [204] Defendant's Motion to Quash and directed Plaintiff to re-draft the subpoena duces tecum such that the City of Ocean Springs produce under seal for in camera inspection any documents relating to David Hawkins separation from employment. The Court has reviewed these documents and concludes that they should be produced to the Plaintiff in the course of discovery.

Defendant's reliance on Miss. Code Ann. § 71-7-15 is misplaced because that statute

provides an exception for judicial proceedings.  *See* Miss. Code Ann. § 71-7-15(3)(b).  In this case, the information is clearly relevant to the credibility of Hawkins' testimony and the circumstances surrounding his separation from employment with Ocean Springs.  Defendant argues that the Mississippi courts have held that personnel files generally are not subject to discovery.  *See White v. State*, 498 So.2d 368, 371 (Miss. 1986); *Burrell v. State*, 727 So.2d 761, 766-67 (Miss. Ct. App. 1998).  However, in the cases cited by Defendant, the parties seeking discovery of witness personnel files had not shown good cause for production of the personnel files.  In the instant case, Plaintiff specifically requested information regarding Hawkins' separation from employment.  Plaintiff also identified the specific deposition excerpts that Plaintiff believed were untruthful.  Unlike the situation in *White* and *Burrell*, the request in this case was specific and narrowly tailored.  Moreover, the Court's in camera review of the documents served as a protection for Hawkins' privacy interests.  Defendant's reliance on HIPPA also is misplaced.  The records produced by Ocean Springs for the Court's review do not contain any medical records.

     IT IS THEREFORE ORDERED that the records produced to the Court by the City of Ocean Springs for in camera review shall be provided to Plaintiff as part of discovery.  Although the Court finds the records to be discoverable, it expresses no opinion as to whether the records will be admissible at trial.

     SO ORDERED, this the 20th day of July, 2006.

                                          s/ *Robert H. Walker*
                                          UNITED STATES MAGISTRATE JUDGE